{¶ 35} Though I agree with the majority's analysis and disposition of Fresh Eggs' second assignment of error, I do not believe that it is appropriate for this court to address *Page 15 
the first assignment of error, or to reinstate the director's decision. I would reverse ERAC's order because its reversal of OEPA on procedural grounds was erroneous, and I would remand the case to ERAC for that body to address — for the first time in this litigation — the substantive issues raised in the first assignment of error.
 {¶ 36} "It is elementary that questions not passed upon [below] will not be ruled upon by this court." Keeton v. Motorists Mut. Ins.Co., Franklin App. No. 01AP-1234, 2003-Ohio-1451, ¶ 36, citingMills-Jennings, Inc. v. Dept. of Liquor Control (1982),70 Ohio St.2d 95, 99, 24 O.O.3d 181, 435 N.E.2d 407. I see no reason to depart from the foregoing precept in the instant case.
 {¶ 37} The majority has determined that such a departure is appropriate because "ERAC in Concerned Citizens I recently addressed and rejected the same argument [that Bear makes] with regard to the same property." Ante, ¶ 22. However, Concerned Citizens I was decided in 2001. Even if I were to agree that a recent ERAC pronouncement on a given issue could render a remand in a different case unnecessary, I do not share my colleagues' view that six years is recent enough to dispense with a ruling from that body, in the first instance, on a substantive and dispositive issue.
 {¶ 38} For these reasons, I would decline to pass upon the first assignment of error. I would sustain the second assignment of error, and, on that basis, reverse and remand for ERAC to consider whether OEPA's interpretation of R.C. 3704.01(B) was lawful in this case. *Page 1